**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

|  |  |  |
|---|---|---|
| LEMARR JENNINGS, | : | Case No. 3:22-cv-134 |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| vs. | : | District Judge Michael J. Newman |
|  | : | Magistrate Judge Peter B. Silvain, Jr. |
|  | : |  |
| WARDEN KENNETH BLACK, | : |  |
|  | : |  |
| Respondent. | : |  |
|  | : |  |

# ORDER

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus.  Petitioner seeks release from confinement imposed as part of the judgment of a State court in a criminal action in Clark County, Ohio.  The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the Dayton General Order 22-01.

It appears from the Court's docket records that petitioner has paid the filing fee required to commence this action.  (*See* Doc. 1).  Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) is therefore **DENIED as moot.**

Upon preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court finds that it does not plainly appear from the face of the petition and any exhibits attached thereto that the petitioner is not entitled to relief in this Court.  Accordingly, it is hereby **ORDERED** that respondent shall file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases **within sixty (60) days** of the date of filing of this Order. Specifically, said answer shall respond to each allegation made in the petition, raise any affirmative defense relied on by respondent, and state whether, from respondent's perspective,

any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

Before filing the answer, the respondent shall file those portions of the state court record needed to adjudicate this case, accompanied by an index of the documents in the record. When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter, by either party, including the answer and the exhibit index, shall include record references to the PageID number. Prior to filing the state court record, the Warden's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed.

As required by Fed. R. Civ. P. 5, a complete copy of the answer and state court record with the PageID numbers must be served on petitioner at the time of filing.

Petitioner may, not later than **twenty-one (21) days** after the answer is filed, file and serve a reply to the answer.

The Clerk is ordered to serve the petition on respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o Brian.Higgins@OhioAGO.gov and Habeas.docketclerk@OhioAGO.gov.

**IT IS SO ORDERED.**

June 15, 2022                                         *s/Peter B. Silvain, Jr.*
                                                      PETER B. SILVAIN, JR.
                                                      United States Magistrate Judge